# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONY D. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15-CV-011-TCK-FHM ) |
| STANLEY GLANZ; SHANNON CLARK, | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

On January 7, 2015, Plaintiff, a prisoner appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). Plaintiff's claims concern the conditions of confinement at the David L. Moss Criminal Justice Center (DLMCJC), the facility serving as the Tulsa jail. By Order filed January 9, 2015 (Dkt. # 4), the Court granted Plaintiff's motion to proceed in forma pauperis and directed him to pay an initial partial filing fee. The Court also directed Plaintiff to file an amended complaint to cure deficiencies. Id. On January 23, 2015, Plaintiff paid an initial partial filing fee (Dkt. # 6). On February 6, 2015, he filed an amended complaint (Dkt. # 7). For the reasons discussed below, Plaintiff's amended complaint fails to state a claim upon which relief may be granted and shall be dismissed without prejudice.

**A.   Screening/Dismissal standards**

The Court previously advised Plaintiff, see Dkt. #4, that federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. Twombly articulated the pleading standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at

555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B.  Amended complaint fails to state a claim upon which relief may be granted**

In his amended complaint, Plaintiff identifies the "Nature of Case" as follows: "The overcrowded facility has violated multiple constitutional rights and caused physical injury." (Dkt. # 7 at 2). Plaintiff identifies three causes of action, as follows:

| | | |
|---|---|---|
| Count I: | Cruel and unusual punishment. 8th Amendment. | |
| Count II: | Nor deny to any person within its jurisdiction the equal protection of the laws. 14th Amendment. | |
| Count III: | No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States. 14th Amendment. | |

(Id. at 2-3). Plaintiff names two defendants: Stanley Glanz, Tulsa County Sheriff; and Shannon Clark, Major. Id. at 1. Plaintiff also includes three handwritten pages providing additional factual allegations in support of his claims. Id. at 5-7. He alleges that "[o]n 9-30-2015 [sic] I was detained, arrested, and escorted to the David L. Moss Criminal Justice Center on unrelated charges." Id. at 5. At that time, Plaintiff claims his "living assignment was designated to the floor of the jail." Id. He states that:

> I have been discriminated against and denied the right of equal protection of the laws and subjected to cruel and unusual punishment. I was assigned by classification to be housed on the county jail floor for a stint of approximately 10 days consecutively

3

> and again after being rehoused to another pod for another 7 days consecutively, said and did violate my 8th and 14th Amendment of the federal Constitution.
>
> ******
>
> My health has deteriorated because of the high stress level of the environment and the inadequate hygiene space and inadequate bedding. I have been diagnosed with high blood pressure disorder and I have to be medicated daily. I was in perfect health before I got subjected to this mistreatment and abuse.

Id. at 6. Plaintiff alleges that Defendant Clark is "solely in charge of the classification division of the David L. Moss Criminal Justice Center [and] knowingly and intentionally did violate my constitutional rights by putting me in imminent danger." Id. Plaintiff also alleges that Defendant Glanz is "the overseer and director of all operations . . . [and] is knowingly aware of the over capacitated jail and has failed to resolve the issue at hand and provide safety to the citizens under his care." Id. at 5. In his request for relief, Plaintiff asks for "injunctive relief and to recover damages for claimed physical injuries, pain and suffering and emotional distress." Id. at 3.

### 1. Eighth Amendment does not apply directly to pretrial detainees (Count I)

In Count I, Plaintiff complains that defendants violated his Eighth Amendment rights when, as a pretrial detainee, he was assigned to sleep on the floor of the jail. (Dkt. # 7 at 2). It is well-established that the Eighth Amendment's protections do not directly apply to pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 535-36 n.16 (1979) (citing Ingraham v. Wright, 430 U.S. 651, 671-672, n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions . . . . [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." (internal citations omitted))). However, as discussed in part B(3) below, the Due Process Clause of the Fourteenth Amendment protects pretrial detainees from unconstitutional conditions of confinement

4

to the same extent that the Eighth Amendment protects convicted criminals. Id. Plaintiff's separate Eighth Amendment claim, as raised in Count I, shall be dismissed for failure to state a claim upon which relief may be granted.

**2. Equal protection claim is conclusory and unsupported by facts (Count II)**

As his second cause of action, Plaintiff alleges that defendants violated his rights under the equal protection clause. Equal protection "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Where a classification targets a suspect class or involves a fundamental right, it must be narrowly tailored to achieve a compelling governmental interest. KT & G Corp. v. Attorney Gen. of Okla., 535 F.3d 1114, 1137 (10th Cir. 2008). If it does not, it need only be rationally related to a legitimate government purpose. Id. Religion and race are suspect classifications. See, e.g., Abdulhaseeb v. Calbone, 600 F.3d 1301, 1322 n.10 (10th Cir. 2010) (religion); Save Palisade FruitLands v. Todd, 279 F.3d 1204, 1210 (10th Cir. 2002) (race). In order to violate the equal protection clause, state action must be motivated by an improper purpose, rather than merely having a disparate impact. Washington v. Davis, 426 U.S. 229, 239-42 (1976).

In this case, Plaintiff makes no factual allegations supporting his conclusory claim that defendants engaged in conduct violative of the equal protection clause. He does not identify himself as a member of a suspect class, he does not allege involvement of a fundamental right, and he does not claim that he was treated differently than similarly situated prisoners at DLMCJC. For that reason, Count II of the amended complaint shall be dismissed for failure to state a claim upon which relief may be granted.

**3. Fourteenth Amendment claims fails to state a claim (Count III)**

As his third cause of action, Plaintiff asserts that, upon his arrival at DLMCJC as a pretrial detainee, his temporary housing assignment was the floor of the jail where he did not have a mattress. (Dkt. # 7 at 6). His initial assignment "to be housed on the county jail floor" lasted ten (10) days. Id. He was then "rehoused to another pod for another 7 days consecutively." Id. Thus, Plaintiff appears to complain that he spent seventeen (17) days assigned "to be housed on the county jail floor" in violation of his Fourteenth Amendment due process rights.

The Fourteenth Amendment affords protection against punishment without due process. Bell, 441 U.S. at 535-36. In Bell, the Court provided the following guidance for deciding what is unconstitutional punishment of a pretrial detainee:

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. See Flemming v. Nestor, [363 U.S. 603,] 613-617 [80 S. Ct. 1367, 1374-1376, 4 L. Ed. 2d 1435] (1960). Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Kennedy v. Mendoza-Martinez, [372 U.S. 144,] 168–169 [83 S. Ct. 554, 567–568, 9 L. Ed. 2d 644] (1963); see Flemming v. Nestor, supra, 363 U.S. at 617, 80 S. Ct. at 1376. Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal – if it is arbitrary or purposeless – a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees. See ibid. Courts must be mindful that these inquiries spring from constitutional requirements and that judicial answers to them must reflect that fact rather than a court's idea of how best to operate a detention facility. Cf. United States v. Lovasco, 431 U.S. 783, 790, 97 S. Ct. 2044, 2048-49, 52 L. Ed. 2d 752 (1977); United States v. Russell, 411 U.S. 423, 435, 93 S. Ct. 1637, 1644, 36 L. Ed. 2d 366 (1973).

Id. at 538-39. Time can play a significant part in a court's analysis of these issues. See id. at 543; see also Block v. Rutherford, 468 U.S. 576, 587 (1984) (mentioning brevity of detention while sustaining prohibition on contact visits for pretrial detainees); Hutto v. Finney, 437 U.S. 678,

686–87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks and months.").

In this case, Plaintiff complains only that the jail was overcrowded and makes no allegation that either defendant expressly stated an intent to punish when making Plaintiff's cell assignment. Thus, the Court must determine whether Plaintiff's housing assignment is connected to an alternative purpose and whether his housing assignment was excessive in relation to the alternative purpose. The effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment. Bell, 441 U.S. at 540. Defendants' efforts to effectively manage the jail may, at times, require short term housing assignments such as those complained of by Plaintiff in his amended complaint. Given the limited and relatively short time Plaintiff spent assigned to the floor, the Court does not believe the Constitution's protections against punishment without due process are implicated. "There is . . . a de minimus level of imposition with which the Constitution is not concerned." Bell, 441 U.S. at 539 n.21 (quoting Ingraham, 430 U.S. at 674); see also Heard v. Sheahan, 1995 WL 86746, *3 (N.D. Ill. Feb. 27, 1995) (unpublished)[1] (requiring detainee to sleep on floor in response to overcrowding is not punishment and does not violate constitutional rights); Isaac v. Fairman, 1994 WL 63219, *7 (N.D. Ill. Feb. 17, 1994) (unpublished) (detainee who was required to sleep on bed roll on cold floor with bugs and vermin for one week does not have a constitutional claim); Gilland v. Owens, 718 F. Supp. 665, 685 (W.D. Tenn. 1989) (short term denial of hygienic items, including toilet paper, and

---

[1]This and all other unpublished opinions herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

7

mattresses is not a constitutional violation); see also Harris v. Fleming, 839 F.2d 1232, 1234-35 (7th Cir. 1988) (denial of hygienic items, including toilet paper, for five days does not violate Eighth Amendment rights of a convicted prisoner). Because of the brief time period involved, the Court finds that the conditions alleged by Plaintiff do not rise to the level of a Fourteenth Amendment violation. For that reason, Count III of the amended complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**4. Plaintiff is not entitled to requested relief**

The Court further finds that Plaintiff is not entitled to the relief he seeks. First, he seeks "injunctive relief." (Dkt. # 7 at 3). He asks that "the Court order the defendants to show all records of inmate housing, beginning with initial assignment to determine the accuracy and facts," and that the Court order defendants to provide Plaintiff's medical records. However, as stated above, Plaintiff's claim based on overcrowding fails to state a claim upon which relief may be granted. Furthermore, Plaintiff is no longer assigned to sleep on the floor. Plaintiff is not entitled to injunctive relief.

In addition, Plaintiff is not entitled to recover "damages for claimed physical injuries, pain and suffering and emotional distress," as requested in the amended complaint. (Dkt. # 7 at 3, 7). The Court previously advised Plaintiff that the Prison Litigation Reform Act (PLRA) prohibits recovery of compensatory damages for mental or emotional injuries without a prior showing of physical injury. See Dkt. # 4 (citing 42 U.S.C. § 1997e(e) (providing that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury")). In his amended complaint, Plaintiff alleges that he is being medicated daily for "high blood pressure

8

disorder." (Dkt. # 7 at 6). He further states he "was in perfect health before I got subjected to this mistreatment and abuse." Id. To the extent Plaintiff attributes his unspecified high blood pressure to the overcrowded conditions experienced at DLMCJC, his claim is insufficient to satisfy § 1997e(e). Carvajal v. Lappin, 2007 WL 869011, *4 (N.D. Tex. Mar. 22, 2007) (unpublished). Physical manifestations of stress are insufficient to establish physical injury under the PLRA. See, e. g., Alonzo v. Squyres, 2002 WL 1880736, *1 (N.D. Cal. Aug.9, 2002) (unpublished) (plaintiff taken to hospital for high blood pressure, brought on by "gruesome psycholog[ical] harassment[ ]," has not suffered a prior physical injury); Pinkston-Bey v. DeTella, 1997 WL 158343, *3 (N.D. Ill. Mar. 31, 1997) (unpublished) (severe headaches are not physical injury). Accordingly, in the absence of a physical injury, Plaintiff may not receive compensatory damages for his stress-related injuries or for "pain and suffering and emotional distress." See Searles v. Van Bebber, 251 F.3d 869, 876 (10th Cir. 2001).

## C. First "prior occasion" under 28 U.S.C. § 1915(g)

As noted above, Plaintiff has been granted leave to proceed in forma pauperis. In addition, his amended complaint fails to state a claim upon which relief may be granted. As a result, the amended complaint shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's first "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**D. Filing fee obligation**

As a final matter, Plaintiff is reminded that he remains obligated to pay in monthly installments the balance owed on the filing fee for this case. See 28 U.S.C. § 1915(b).

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's amended complaint (Dkt. # 7) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

2. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

3. Plaintiff remains obligated to pay in monthly installments the balance of the **$350** filing fee for this case.

4. A separate judgment shall be entered in this matter.

**DATED** this 19th day of February, 2015.

TERENCE C. KERN
United States District Judge